Rosario GUZZI, Plaintiff,

v.

Michael THOMPSON, Greg McCann, and Rabbi Blotner, Defendants.

Civil Action No. 06–10874–WGY.

United States District Court, D. Massachusetts.

March 5, 2007.

Joan T. Kennedy, Department of Correction, Boston, MA, for Defendants.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

This case returns before this Court on cross-motions for summary judgment, the

Court having previously denied the motion to dismiss of Michael Thompson ("Thompson"), Greg McCann ("McCann"), and Rabbi Blotner ("Blotner") as well as Rosario Guzzi's ("Guzzi") motion for a preliminary injunction. This Court explained its reasoning and set the legal framework for summary judgment in a written Memorandum and Order on January 25, 2007 in *Guzzi v. Thompson*, 470 F.Supp.2d 17, 2007 WL 177854 (D.Mass. Jan.25, 2007). Since that memorandum detailed the relevant factual history and the procedural posturing up to that point, a duplicative recitation is not required. *See id.* at 19–21, 2007 WL 177854 at *1–*2.

It suffices to summarize that Guzzi, a self-identified Orthodox Catholic, asserts a religious right to receive a special kosher diet while incarcerated. *Id.* at 19–20, 2007 WL 177854, at *1. Thompson, McCann, and Blotner, after their motions to dismiss were denied, moved collectively for summary judgment on January 31, 2007. Defs. Mot. for Summary Judgment [Doc. No. 32]. Guzzi did not oppose this motion, but filed a cross-motion for summary judgment on February 1, 2007. Pl. Mot. for Summary Judgment [Doc. No. 45].

## I. DISCUSSION

### A. A "System of Religious Belief"

This Court addressed the merits of Guzzi's argument in considering the likelihood of his success for purposes of a preliminary injunction, *Guzzi*, at 24–27, 2007 WL 177854, at *6–*8, indicating that Guzzi would need to show that keeping kosher is part of a "system of religious belief." *Id.* at 26, 2007 WL 177854, at *8. "Guzzi's purely subjective ideas of what his religion requires will not suffice." *Id.* The purpose of this requirement is to insulate a judicial factfinder from passing independent judgment on what ought and ought not be considered a "religious practice." *Id.* In-

stead, the Court left open the possibility that Guzzi could prove through expert testimony that the system of religious beliefs to which he allegedly subscribes—Orthodox Catholicism—commands him to keep kosher. *Id.* at 27–28, 2007 WL 177854, at *9. Since a motion to dismiss limits the Court to the allegations in the pleadings, the possibility that such information might be proffered required a denial of those motions. *See Tompkins v. United Healthcare of New England, Inc.*, 203 F.3d 90, 93 (1st Cir.2000).

At this time, this Court readdresses the merits of this argument under the post-discovery viewpoint of cross-motions for summary judgment. Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to a judgment as matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Guzzi fails to oppose the motion for summary judgment brought by Thompson, McCann, and Blotner. In addition, Guzzi fails in his own motion for summary judgment to provide any admissible evidence that supports a reasonable factual inference that his alleged system of religious beliefs requires him to maintain a kosher diet. *See* Pl.'s Mem. in Support of Summary Judgment [Doc. No. 46] ("Pl.'s Mem.") at 1–6. Instead, Guzzi simply re-raises and re-alleges the same legal arguments that, as this Court discussed in its earlier Order and Memorandum, were inadequate absent expert testimony. *See id.; Guzzi*, 470 F.Supp.2d at 26–27, 2007 WL 177854, at *8. As a result of Guzzi's failure to supplement the record with any facts beyond the allegations in his complaint, he fails to provide any facts that would cause a reasonable jury to sustain a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

42 U.S.C. § 2000cc–1. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Guzzi's motion for summary judgment must be denied.

On the same logic, the motion of Thompson, McCann, and Blotner for summary judgment is allowed. The memorandum in support of their motion for summary judgment challenges the sufficiency of Guzzi's evidence under the RLUIPA.[1] Defs.' Mem. in Support of Summary Judgment [Doc. No. 33] ("Defs. Mem.") at 14–15. Since Guzzi bears the burden of persuasion on the claim at issue, he must present admissible evidence to demonstrate affirmatively that a genuine issue of material fact remains. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As stated above, Guzzi fails to do so.

## II. CONCLUSION

Accordingly, the motion for summary judgment of Michael Thompson, Greg McCann, and Rabbi Blotner [Doc. No. 32] is ALLOWED. Rosario Guzzi's cross-motion for summary judgment [Doc. No. 45] is DENIED. Judgement shall enter for the defendants.

SO ORDERED.

---

1. The defendants challenge the sufficiency of the evidence as one argument among many in their memorandum in support of summary judgment. The defendants also bring a threshold argument that Guzzi fails to meet the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). While this argument resonates with the Court and, as a procedural issue, would normally be properly addressed before an argument on the merits, it is neither reached nor addressed due to this Court's previous consideration of the merits upon which this holding rests.